Thank you, Your Honor. I may have pleased the court. Colonel K. Doss, a law firm of Fort Harrison, will be presenting argument on behalf of Valley Hospital in cases documented 22-1978, 22-1804. My colleague, Attorney Kime, will be presenting argument on behalf of Valley Health in cases documented 23-137, 23-640. On the court's permission, I respectfully request five minutes for the above argument. Very well. Watch your time. Thank you, Your Honor. In 2019, the board determined that dues check-off provisions terminate on expiration of a collective bargaining agreement. To reach that decision, it overruled its prior decision in 2015 in Lincoln Lutheran and returned to the Bethlehem Steel Rule from 1962, the union's petition to this court. And in 2020, this court issued a very limited remand order. It remanded the case back to the board to give it the opportunity to supplement its reasoning. But in 2022, a reconstituted majority of the NLRB reconsidered and overruled Valley Hospital I. Because based on the mandate rule, the board did not have the authority to overrule Valley Hospital I, our position is Valley Hospital II has to be vacated and Valley continues to stand. But counsel, as I look at our memorandum decision on the last iteration of this case, we made it pretty clear that the board could change its position and that the mandate did not bind the board to a particular choice. How do you get around that? Yes, Your Honor. I think that's an argument. We agree with that state of the law. The board can absolutely change its matter of policy. That's grand X, no question. They can't do it in this case. In this case, Valley Hospital I controls because this court's mandate left it in place. And there's four points I want to make about this court's mandate that are really significant and unique procedurally to this case. First, the remand is for a very specific reason, to provide supplemental reasoning. Second, this court expressly allowed Valley Hospital I to stand, so it was the operative law. And fourth, this court and specifically this panel retained jurisdiction. That's what makes this mandate unique in this case. No question, just this court has always recognized the matter of administrative law. An administrative agency can change positions if it provides reasoned case, it can't do it here. And that's a jurisdictional issue in this circuit. The question about whether or not the mandate will bind or control the lower court in this particular case, the board, differs based on circuit. Some circuits apply law to case. The Ninth Circuit expressly in United States v. Thrasher held it's a jurisdictional issue. It's the authority of the board to act. So because the board had no authority to reconsider Valley Hospital I, it's decision of Valley Hospital II is a jurisdictional matter. What is the source of your argument that the board had no authority? Just are you relying on our disposition? Two things. I'm relying on the mandate rule as summarized by this court in the United States v. Thrasher, which makes it a jurisdictional rule limiting the authority of the lower tribunal to act when there's a mandate. And then I'm looking at the express terms of this mandate, which were very unique to this case. It allowed Valley Hospital I to stand. So lower court and lower board in this case could not reconsider. So Mr. Das, if I can ask this maybe the same question but in this from a slightly different angle. So the earlier decision basically said the board changed its position. If the board changes its position, it's got to explain it properly. It didn't do that. Go back and explain it properly. And there's other language in there too, but let me just kind of stick with that for the moment. So goes back down to the board and it's pretty obvious from the decision that one of the possibilities is that the board could say, nope, we really can't explain it properly. It was wrong. So what was the board, under your theory of how this works, what was the board supposed to do if that happened? So there's two things that could happen there. First I'd say what's unique here is that you have the rationale to find by the dissent. Members Kaplan and Ring, who are actually members of the original Valley Hospital I, supplied the rationale. They complied with the mandate. They expressly criticized their colleagues for not following the mandate in the introduction to their dissent and then they expressly explained why the contract creation theory for deuce terminations was unique and therefore different than other types of bargaining issues. Because they complied and provide that rationale, this court has that. The second, but what the board could not do, is reconsider the decision. And you know, it's interesting because this is obviously the court has seen Hacienda 1, Hacienda 2, Hacienda 3. If you look at Hacienda 1 in 2002, which came to this court, it vacated the decision and remanded back for a rationale and authorized the board to adopt a different rule. In Hacienda 2 in 2008, same thing. Remanded back, vacated the decision, and expressly authorized the board to adopt a different rule. That means this court knows when it wants to reopen the decision for reconsideration how to do that. It expressly didn't do that here. And what's the reason is, if you look at this decision, it didn't expect that there would be no, that the rationale wouldn't be supplied. If you look at the decision on page 49, it expressly says, here the board will likely be able to cure the identifiable flaw in its decision-making process. What the court did properly was, it recognized that it was reasonable for the board to follow Bethlehem's deal and adopt its contract creation rule. But it wasn't going to supply the rationale. It was going to require the administrative agency to provide the rationale. And now you have that from members Kaplan and Rank, the majority. I would say, counsel, if I may jump in, on that same page, in the next paragraph, it says the board could come back with a completely different avenue. So how do you explain that? In a different case. Because this board, because the court left Valley Hospital One in place in this case, this board was not, in this procedural setting, authorized to go beyond that mandate. So you're envisioning a situation where, in every other case, there will be one rule, but in involving this hospital, it will be a different rule. It could be. Once that case came to the court, or to the board. Well, don't we have that? I mean, isn't that what the board did in this case? No, because this case is, again, because this court retained jurisdiction and expressly allowed Valley Hospital One to stand, the limited mandate the So if there's a hospital, there's Las Vegas General Hospital, it does exactly the same thing. The NLRB in that case could say Lincoln Lutheran Controls, and in every other case it could say controls, but you're saying in this case, because of the language in this mem dispo, we are, we have no other choice. In this case, the board had no jurisdiction and no authority to overrule Valley Hospital One. That's the law of the land right now. If the board wants to change directions on that, in another case, as a matter of policy, it has to engage in that recent decision-making, and it could do that, and I'm sure the board would come up here and argue Burnett X, and that's what we'd be stuck with. But with respect to this case, it absolutely could not change the rule. Valley Hospital One is the law, because this court allowed that to stand, and the remand that was given to the board was very limited. And again, this is a very unique remand. I mean, the panel here retained jurisdiction and expressly refused to vacate, and I would note that the unions actually filed, recognizing this issue, a motion for reconsideration of the panel's initial decision back in 2020, asking for the vacater, and this court declined to do so. So in that circumstance, everyone was aware that the limitation that was the issue before the board on remand was simply going to be to provide supplemental reasoning, and that is the very first words out of members Kaplan and Ring in their dissent, saying this is a limited remand from the court, we're not supposed to open this up again in this case between these parties. And I note the fact is that my friends on the other side are arguing that when there is a reversal back to a board, it does have the two things of that. One, the cases they cite are the law of the case, law of the case jurisdictions, and this is a jurisdictional issue. So we really are talking about the authority of the board. I think it is really important as a matter of preserving that jurisdictional rule, that when a mandate is sent back to be strictly compliant, because we don't want to be into an issue where we're litigating what the scope of that mandate is. This mandate, again, is very, very clear. It was limited to providing a rationale. It may not be quite relevant, but did you exhaust this issue before the board? So two things I'll say about that. One, it's a jurisdictional issue, so it could be raised at any time, including the authority of the board. Two, it was squarely before the board, and the reason it was squarely before the board is nobody expected the board to do anything other than what the mandate required, which is to simply consider its other precedents and distinguish and explain why the dues checkoff provision was unique under the contract creation period. And we know that because the issue was addressed by the board. The dissents, Kaplan and Ring, expressly said, this is a very limited remand. We are only supposed to supplement our reasoning. And if you didn't have that, if you didn't have a situation where members Kaplan and Ring provided you with that rationale, I think then you may be in a situation where you might have to question whether or not you have a basis to reaffirm Valley Hospital 1. But in this case, that rationale was provided. It's expressly provided by those two members. So the court has that, and Valley Hospital 1 was allowed to stand. It's currently standing. It should continue to stand. The lower board cannot overrule that, and that's just a matter of the board's authority. We can argue, in a different case, in a different day, whether or not they should deviate from that policy and whether that's appropriate. But the focus in this case, the mandate rule governs, and Valley Hospital 1 should continue to stand, and Valley Hospital 2 should. I'm trying to think of where we are at this point. The board certainly had its own jurisdictional powers to decide policy, but you're asking us to reinterpret our own opinion in the disposition. Is that kind of where we are? We have to sort of decide. Was it a flat-out mandate, or was it a mandate as you look at it? I don't think so. I think because this court, because the mandate made so clear that the decision stands, and it wasn't authorizing reconsideration, it was for the limited purpose of providing reasoning, it simply did the court act beyond, or the board in this case, act beyond its authority. If we were in a different circuit, we'd probably have to evaluate the issues and the scope of the mandate. But here, it's a jurisdictional authority of the board to act. So once this court retained jurisdiction, refused to vacate the decision, denied a motion for consideration of the decision, expressly allowed it to stand, and expressly provided a limited basis for the remand. And I'd also note, unlike in Hacienda 3, where the court questioned the rationality, in this case, the court recognized it was a rational decision. It expressly expected the issue to be addressed, which members Kaplan and Ring did. So you're not in a situation where you have an unreasoned decision, you just, I think the court did the right thing in not supplying that reasoning, going back to the board and saying, put something in the administrative record that we can rely on to explain the change. And if there's a subsequent change, just like this court recognized in its mandate, you have to go through the same reasoned decision making to make that change. But they can't make it procedurally in this case. Do you want to reserve your remaining time? Yes, Your Honor, thank you. Very well. Mr. Weitz, you may proceed. Thank you. May it please the court, Eric Weitz. I'll be representing the National Labor Relations Board in both the cases before the court today. In the previous decision in this case from this court, the court, I would submit, produced very clear reasoning. They reviewed the rule that the board adopted in Valley Hospital 1. They noted that it appeared to be inconsistent with board precedent in many other areas, and they remanded the case for the Valley Hospital 2. That's precisely what the board did, and the board concluded that the Valley Hospital 1 rule is irreconcilable with all of these other established areas of board law. So as a result, in addition to all of the other reasoning articulated by the board, the board reversed the Valley Hospital 1 rule and reaffirmed the contrary rule first articulated in Lincoln Lutheran. That's fully within the province of this court's mandate, and I would submit that the only narrow question back before the court is whether the board's new Valley Hospital 2 rule is rational and consistent with the act under the deferential standard of review for the board's interpretations of federal labor policy. Addressing the mandate rule issue, which I don't want to belabor too much because I feel like the court is in a strong position to interpret the language of its own opinion, but I'd make a couple points. First, I'd renew the argument that we present in our brief that this is actually barred by Section 10E. The employers at no point argue to the board that this court's mandate prevented a change to the underlying rule. The party's position statements are all in the supplemental excerpts of record that the board filed, and all of those position statements from the employer, the union, and the board's general counsel were proceeding under the premise that the board was now reconsidering this issue, and the employer's argument at that time was that the board should re-adopt Valley Hospital 1 as being a rational or a preferable rule. Section 10E of the act is a jurisdictional bar on this court. It applies regardless of whether or not someone claims that an argument goes to the board's authority to decide an issue, so all of the cases that the employer cites, which I would note are involving remands to district courts and the jurisdiction of an Article III district court, the employer does not cite any cases involving remand to an administrative agency, but even assuming that the mandate rule is quote-unquote jurisdictional, the requirements of Section 10E still apply, and for example, the employer is now making an argument that the board, if it wanted to change the rule, should have done so in a different case, and in this individual adjudication, it would prevent it from doing so. If that argument had been presented to the board, the board could have responded to it or chosen to overrule Valley Hospital 1 in a different case, but that was simply not presented to the board. Secondly, I'd note that what the court did here in remanding without vacature is unusual in a certain sense, but as explained in this court's opinion in California Communities Against Toxics v. EPA, which was the case that this court cited in the first decision in this case, the policy of remanding a flawed rule without vacature is a pragmatic one, and it's not premised on the court mandating that that rule must stand, and that it's only remanding it for supplemental reasoning. It's premised on pragmatic considerations where a potentially disruptive interim change in the law is inadvisable, and so the court allows the agency to maintain its rule while it attempts to fix any error in a previous iteration. So that's, I would submit, what the court was doing in the previous decision, but as your honors have noted in some of the questioning, while fully acknowledging that the board could yet again and adopt a different rule, which is precisely what happened in this case, I'd also just note briefly that the argument that this court can somehow reach back and now apply Valley Hospital 1 based on the reasoning of the dissenting board members is plainly inconsistent with principles of administrative law. The dissenting board members do not represent the views of the board. They were outvoted by the board majority in this case, and the board as an institution has rejected the Valley Hospital 1 rule, found that it cannot be reconciled with all the cases citing by the court, and that the Lincoln-Lutheran or Valley Hospital 2 rule represents a preferable construction of federal labor law. Counsel, you indicated or at least referred to following existing precedent by the board, but I look at the big picture here, and 61 years since Bethlehem Steel, the board has held that the employer can unilaterally cease checkoff after contract expiration, whereas only in eight years has the board adopted this one year with the invalidation by canning, four years, in other words, it's like a ping-pong. For 49 years, it was okay. For two years, it was not. For one year, it was okay. For four years, it was not. For three years, it was okay, and now we have the last two years where the board has to create an environment where bargaining can take place and presumably some level of consistency should prevail. What do we do with this information? Well, Your Honor, I think this is an unusual situation. To address your question in segments, the first, you have the Bethlehem Steel rule, which was in place for approximately 50 years. As this court noted repeatedly in the Hacienda cases, local joint executive boards one through three, the board had never provided any reasoning for that rule. It had essentially become a rule by accident where it had, on a very narrow basis, said this in Bethlehem Steel with no real reasoning and then simply through inertia, it had become a categorical rule without the board ever justifying or explaining it, and as this court noted, mere repetition over time does not constitute reasoned decision-making or justify continued application of that rule. So it is worth noting that I would submit the first, setting aside WKYC given the no canning issues, the first instance of the board in its entire history of actually analyzing this issue in depth and providing a reasoned rule was in Lincoln-Muthren or WKYC or Valley Hospital II. All of these are essentially the same reasoning, the same rule, but that was the first time the board had actually grappled with how to handle due checkoff provisions in the post-contract expiration context. The board has now consistently come to the same conclusion in three out of the last four decisions, the outlier being Valley Hospital I, which this court has already held, was not reasoned decision-making itself, and so for most of the last 10 years, with the no canning caveat, the board's position has been that due checkoff arrangements should not be accepted from the bedrock unilateral change doctrine, which applies to nearly every mandatory subject of bargaining with a small handful of exceptions. So I think Valley Hospital I is really the outlier, and that was a flawed decision, and that's why the case was remanded for the board to reconsider this issue or to attempt to grapple with these inconsistencies. But looking at it purely from the board's experience, Valley Hospital I, in effect, decided not to follow Lincoln-Nutheran. That was a choice that the board made, and that choice lasted for three years until we came up with Valley Hospital II. So the board has gone back and forth, and predictably, the last eight years seems to have been a failure in terms of consistency in labor relations. Well, I agree, Your Honor. Of course, that is a feature of the administrative state, that an agency can change its rule if it provides a reasoned explanation and views that it's in the public interest. I do think that this is different than some other areas of the law where the board might change positions, in that the board has repeatedly, as this court has held, been unable to justify the Bethlehem Steel-Valley Hospital I rule. I think from the decisions and this court's opinions, there is one preferable answer between the two rules that have been presented to the court, and one would hope that that would now remain board law going forward. But I'm not sure that the court necessarily needs to decide that in this case, given the scope of what's before the of a board order in this case applying the Valley Hospital II rule. And I would submit that the question before the court is, is that rule, even though it's a change in board policy and overruling a prior decision, is that rational and consistent with the act? And if the answer is yes, which I would submit that it is, and perhaps can address when I get back up for the second case, that that would be the end of the court's inquiry. So if there aren't any further questions, thank you. All right, thank you very much, counsel. Is it Weber or Weber? Weber. Weber. Come on up. Thank you. Good afternoon. May it please the court, Kimberly Weber on behalf of the intervener union. And I will begin actually with a quotation from this court panel, and this is in the record, in the excerpt of records, page 49, in which the panel says, the board has discretion to adopt its preferred rule regarding dues checkoff as long as it provides an explanation for its apparent departure from precedence, end quote. And that is a sound statement of the law, and it is what the board did in the decision at issue in this case. The decision at issue in this case is the 2022 supplementary decision, not the 2019 decision. This panel is well equipped to interpret its own 2020 memorandum. Valley Hospital has limited its arguments to its own peculiar interpretation of the 2020 memorandum, and the court should reject Valley Hospital's arguments, deny its petition for review, and enforce the board order. I will state that on remand before the board, no party nor any member of the board characterize this court's remand as limited, limited with instructions or anything along those lines. I will say with regards to the long-standing Bethlehem Steel rule, this union and labor board prosecutors have been questioning the logic of Bethlehem Steel openly and in litigation since 1994. So that has been almost 30 years going forward on that issue. And the truth is that a unilateral change to dues checkoff is an economic weapon. It has nothing to with an employer's ability to operate or continue or conduct its business. It's just pure warfare between the employer and the union. And the board has decided and has long decided that unilateral changes are a weapon that can be used, but only after employer has bargained to impasse. And that since the Supreme Court approved of a decision discouraging unilateral changes in 1949, which is NLRB versus Crompton Highland Mills. So this is a long-standing board law. Thank you, Your Honor. Thank you, Ms. Weber. All right, rebuttal. We'll go two minutes. Thank you, Your Honor. I'll be very quick. With respect to the record reflecting the limited nature of this, of the remand, I'm going to quote from Member Kaplan and Member Ring's dissent. It's on ER 335. To the contrary, the court signaled its view the board would be able to cure the identified flaw in the decision-making process. Accordingly, the court remanded the case simply to allow the board to supplement its reasoning. So that was the understanding. But that's from the dissent. Correct. That was the understanding, at least not just of the hospitals, it's also the understanding of at least two of those board members. The second point I'd make is that that was the understanding of the unions as well. That's why the petition for rehearing was filed after this court's 2020 decision. If the understanding of the decision to expressly not vacate the decision allowed the board to reconsider its position, there'd be no need for the motion for rehearing. They precisely understood that this was a limited remand. And under that mandate, it did limit the board's jurisdiction to act. And finally, again, I'm going to go back to Hacienda 3, which pointed out that the board, which is what's quoted by this court's decision, that the board could always take a different view in a different case. That's precisely what it said in Hacienda 3. And we're here in the same position. The board can take a different view in a different case. It can't do it here. And in this case, Valley Hospital 1, when it was allowed to stand, that's the controlling law. Lower board can't reverse that on a remand, especially when that remand is limited, especially when it's expressly not vacated, especially when it's allowed to stand and expressly when this particular panel retained jurisdiction, meaning that its decision is superior to the board's in this case. And with that, we just ask that Valley Hospital 2 be vacated and that Valley Hospital 1 be allowed to continue to stand. Thank you, Your Honor. Thank you very much, counsel. Thank you both for your briefing and argument. This matter is submitted.
judges: O'SCANNLAIN, OWENS, Kennelly